**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER LEE DENNIS, JR. | : | |
| | : | |
| Appellant | : | No. 585 WDA 2025 |

Appeal from the PCRA Order Entered April 11, 2025
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-CR-0000288-2022

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: March 25, 2026**

Walter Lee Dennis, Jr. appeals from the order of the Court of Common Pleas of McKean County denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Dennis argues that the PCRA court erred by ending the PCRA hearing early. We affirm.

This Court previously summarized the factual history.

Amy Jo Simes ("Simes"), then a confidential informant, arranged to purchase heroin from Dennis. **See** N.T., 6/12/23, at 17-18. Dennis met Simes near the agreed-upon location, and police arrested him on an outstanding warrant before a transaction took place. **See id**. at 22, 30-31, 43, 45, 146.[FN2] A search incident to arrest revealed Dennis possessed paper packages, which contained cocaine, and a black plastic bag, which contained unused blue-and-white glassine packets. **See id**. at 123, 153. During processing at the county prison, an officer conducted a strip search and observed something yellow in Dennis's rectum. **See id**. at 60. Dennis stated it was toilet paper and pushed it back up his rectum. **See id**.[] The officer escorted Dennis to the shower

---

[*] Former Justice specially assigned to the Superior Court.

for delousing. ***See id***. at 61. The officer looked in the shower [and] did not see anything. ***See id***. After delousing, Dennis took a shower, which the officer stated took longer than usual. ***See id***. at 62. After Dennis finished, officers searched the shower and found a yellow plastic bag, a clear plastic bag, and blue-and-white glassine packets with a similar checkered pattern to the unused packets found on Dennis's person. ***See id***. at 63-64; ***see also*** Commonwealth's Exhibit 8-4, 14-1. The bags and packets were soaked and crumpled and located in different parts of the shower. ***See*** N.T., 6/12/23, at 63-64. The blue-and-white packets found in the shower tested positive for fentanyl and tramadol. ***See id***. at 124. Due to the condition of the packets, the laboratory could not determine the weight of the fentanyl and tramadol in the packets.

> FN2: At trial, Simes testified that when police approached to arrest Dennis, Dennis put his hand behind his back. ***See*** N.T., 6/12/23, at 31. She later told a detective that Dennis "shoved the drugs up his ass." ***See id***.; ***see also id***. at 151. The detective called the prison with this information. ***See id***. at 156.

***Commonwealth v. Dennis***, No. 942 WDA 2023, 2024 WL 4286243, at *1 (Pa. Super. filed Sept. 25, 2024) (unpublished memorandum).

Dennis was charged with controlled substance contraband to confined persons prohibited, possession of controlled substance contraband by inmate prohibited, possession with intent to deliver, tampering with evidence, two counts of possession of a controlled substance, and criminal use of communication facility.[1]

---

[1] 18 Pa.C.S.A. § 5123(a), 18 Pa.C.S.A. § 5123(a.2), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 4910, 35 P.S. § 780-113(a)(16), and 18 Pa.C.S.A. § 7512(a), respectively.

Trial commenced on June 12, 2023. Notably, at trial, the Commonwealth's expert on forensic drug testing testified that because the drugs recovered in the shower drain were wet, they could not be weighed but he was still able to test for the presence of controlled substances. ***See*** N.T., 6/12/23, at 124. Dennis was convicted of all charges.

On July 20, 2023, the trial court sentenced him to an aggregate term of eight to sixteen years' incarceration. Dennis did not file any post-sentence motions but he appealed to the Superior Court. On September 25, 2024, this Court affirmed his judgment of sentence. ***See Dennis***, No. 942 WDA 2023, 2024 WL 4286243, at *1.

On November 18, 2024, Dennis filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. In the amended petition, which was only two pages, Dennis claimed that his prior counsel was ineffective for (1) failing to file a pretrial motion to suppress the lab testing results that demonstrated the presence of fentanyl and tramadol, and (2) failing to file any post-sentence motions. The Commonwealth filed an answer.

On February 18, 2025, a hearing was held. Dennis called his pretrial counsel, Alan Conn, as a witness. PCRA counsel asked Attorney Conn whether he thought there was any reason to file a pretrial suppression motion. ***See*** N.T., 2/18/25, at 10.

The PCRA court interjected, asking counsel if there was any basis for a suppression motion. ***See id.*** at 11. Counsel contended that because the drugs

could not be weighed by the lab, the drugs "[do not] exist." ***Id.*** at 12. However, counsel conceded that he had no legal authority to support his argument and that he was not presenting expert testimony to call into question the testing of the drugs. ***See id.*** at 12-13. Regarding the claim for ineffective assistance of counsel for failing to file a post-sentence motion challenging the weight of the evidence, counsel also conceded that he had no authority or argument that such a claim would have been entitled to relief. ***See id.*** at 14-15.

Accordingly, the PCRA court concluded that "the petition fails to raise a basis for relief and what would be presented here today could not support the allegations in the petition or that [Dennis] has a valid basis for PCRA relief." ***Id.*** at 15. The PCRA court ended the proceedings asking counsel if there were anything further "to argue or present[,]" to which counsel responded "No." ***Id.***

On April 11, 2025, the PCRA court issued an opinion and order denying Dennis's petition. The PCRA court reiterated that it found that the amended petition "even when supplemented by the limited testimony accepted at the hearing, failed to raise a basis for relief and that nothing presented would support the allegations in the petition or provide any basis for relief." PCRA Court Opinion, 4/11/25, at 2 (pagination added for ease of reference).

Dennis appealed and filed a court ordered concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b). The PCRA court filed a brief Rule 1925(a) opinion supplementing its prior opinion.

Dennis raises one issue for our review.

1. Whether the lower court erred in terminating the PCRA hearing early, therefore denying [Dennis] his right to a full hearing on his petition?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted).

Dennis argues that he was denied his right to be heard because the PCRA court ended the hearing "early," and thus, he was not given sufficient time to question witnesses and develop his claims. *See* Appellant's Brief, at 9. He recognizes that PCRA petitioners are not automatically entitled to an evidentiary hearing, however, he argues, in conclusory fashion, that he was entitled to a full evidentiary hearing because his amended petition created genuine issues of material fact. *See id.* at 11.

The Commonwealth argues that Dennis was not entitled to any hearing because he failed to plead a claim of ineffective assistance of counsel in his amended PCRA petition and an evidentiary hearing was not required for the PCRA court to conclude that Dennis's claims failed as a matter of law. **See** Appellee's Brief, at 3-9. Thus, according to the Commonwealth, the PCRA court gave Dennis more opportunity to establish his claims than was warranted. **See id.** at 6, 9.

"[A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Commonwealth v. Epps**, 240 A.3d 640, 645 (Pa. Super. 2020) (citation omitted). "Where the PCRA court determines that a hearing is required as to some, but not all, of the issues raised in a petition, the hearing may be limited to those issues." **Commonwealth v. Edmiston**, 851 A.2d 883, 899 (Pa. 2004) (citing Pa.R.Crim.P. 907(3)).

It is well-established that "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Kelley**, 136 A.3d 1007, 1012 (Pa. Super. 2016) (citation omitted). "Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness." **Commonwealth v. Miller**, 212 A.3d 1114, 1126 (Pa. Super. 2019) (citation omitted).

We find no abuse of discretion. Dennis's amended petition merely states the claims he raised without any explanation or authority in support of them. *See* Amended PCRA Petition, 2/10/2025, at ¶¶ 10-14. At the hearing, Dennis conceded that he had no authority to support the merits of his claims.[2] The PCRA court afforded Dennis the opportunity of a hearing until it appropriately and correctly realized that Dennis was not entitled to relief. We commend the PCRA court for its consideration of the matter by initially scheduling a hearing.

We find no abuse of discretion by the PCRA court ending the hearing and denying Dennis's amended petition. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2026

---

[2] Dennis also does not provide any support for the merits of his claims in his appellate brief.